UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTON A. EWING,<br><br>                      Plaintiff,<br><br>v.<br><br>PREMIUM MERCHANT FUNDING ONE, LLC,<br><br>                      Defendant. | Case No.: 23-CV-933-BAS-WVG<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO STAY DISCOVERY; AND**<br><br>[Doc. No. 27]<br><br>**(2) DENYING PLAINTIFF'S MOTION FOR SANCTIONS**<br><br>[Doc. No. 23] |

      Plaintiff Anton A. Ewing ("Plaintiff"), proceeding *pro se*, brings this action under the Telephone Consumer Protection Act, 47 U.S.C. § 227, alleging that Defendant Premium Merchant Funding One, LLC ("Defendant") called Plaintiff with prerecorded artificial voice messages and sent out telemarking text messages without Plaintiff's consent. *See generally* Doc. No. 11, First Amended Complaint ("FAC"). Presently pending before the Court are: (1) Defendant's Motion to Stay Discovery pending U.S. District Judge Cynthia Bashant's ruling on its Motion to Dismiss Plaintiff's FAC, Doc. No.

27; and (2) Plaintiff's Motion for Sanctions against defense counsel, Doc. No. 23. Both motions are now fully briefed. Upon review of the briefing, the Court finds these matters suitable for determination on the papers and without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7.1.d.1. For the reasons set forth below, the Court **GRANTS** Defendant's Motion to Stay Discovery, and **DENIES** Plaintiff's Motion for Sanctions.

## I. MOTION TO STAY DISCOVERY

Defendant argues discovery should be stayed in this case because resolution of its pending Motion to Dismiss "is potentially dispositive," "a ruling does not require discovery," and because a "stay would maximize efficiency." Doc. No. 27 at 4. Plaintiff responds that the pending Motion to Dismiss is not likely to succeed and thus discovery should move forward now. Doc. No. 31 at 4–9.

Federal Rule of Civil Procedure 26(c)(1) grants the Court authority to issue a protective order pertaining to the discovery process, upon a showing of good cause, in order to prevent "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Further, a party may seek such an order staying discovery pending the outcome of a potentially dispositive motion. *See Wenger v. Monroe*, 282 F.3d 1068, 1077 (9th. Cir. 2002). "The burden is upon the party seeking the order to 'show good cause' by demonstrating harm or prejudice that will result from the discovery." *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1063, (9th Cir. 2004). This burden is a heavy one and requires an explanation of a "particular and specific need for the protective order." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601–02 (D. Nev. 2011) (citing *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975); *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990)). The Court has "wide discretion in controlling discovery" and is permitted to enter an order staying discovery when it "is convinced that the plaintiff will be unable to state a claim for relief." *Mlejnecky v. Olympus Imaging America, Inc.*, No. 2:10-cv-02630 JAM KJM, 2011 WL 489743, at *5 (E.D. Cal. Feb. 7, 2011) (quoting *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988); *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir.

1981)). However, as the Federal Rules do not provide for automatic stays of discovery, and because their routine issuance would be "directly at odds with the need for expeditious resolution of litigation," courts generally disfavor them. *Mlejnecky*, 2011 WL 489743, at *6 (collecting cases).

The Ninth Circuit has not provided a clear standard for district courts to apply when determining whether it is appropriate to stay discovery pending the outcome of a potentially dispositive motion. *Id.*; *Salazar v. Honest Tea, Inc.*, No. 2:13-cv-02318-KJM-EFB, 2015 WL 6537813, at *1 (E.D. Cal. Oct. 28, 2015). However, "[t]he purpose of Federal Rule of Civil Procedure 12(b)(6) is to enable defendants to challenge the legal sufficiency of a complaint without subjecting themselves to discovery." *Tradebay*, 278 F.R.D. at 601 (citing *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987)). "[D]iscovery at the pleading stage is only appropriate where factual issues are raised by a Rule 12(b) motion." *Id.* (citing *Wagh v. Metris Direct, Inc.*, 363 F.3d 821, 829 (9th Cir. 2003); *Odom v. Microsoft Corp.*, 486 F.3d 541, 551 (9th Cir. 2007).

In this instance, the Court finds that the most appropriate test is the one often employed by district courts across California. It is a two-part test providing that it is appropriate to stay discovery if: (1) "the pending motion [is] potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is aimed," and (2) "the pending, potentially dispositive motion can be decided absent additional discovery." *Mlejnecky*, 2011 WL 489743 at *6 (collecting E.D. Cal. and N.D. Cal. cases applying this test); *see also Amey v. Cinemark, USA Inc.*, No. CV 13-0624 MMM (CWx), 2013 WL 12143815, at *2-*3 (C.D. Cal. Oct. 18, 2013) (similarly applying this test).

Here, the Court finds that both elements are satisfied. Defendant's Motion to Dismiss is potentially dispositive of the entire case as it raises arguments related to the adequacy of Plaintiff's pleading and his ability to state a claim based on his allegations. *See generally* Doc. No. 13. Additionally, it appears that the district judge will be able to resolve these questions without requiring further discovery. Moreover, although Plaintiff states that the parties already conducted their Rule 26(f) conference, Doc. No. 31 at 3, the

Court also finds that Plaintiff will not be prejudiced by a temporary stay of discovery, especially considering the Court's decision to vacate the Early Neutral Evaluation and Case Management Conferences in this case pending Judge Bashant's ruling on Defendant's Motion to Dismiss. *See* Doc. No. 14.

Accordingly, Defendant's Motion to Stay Discovery, Doc. No. 27, is **GRANTED**. As such, the Court temporarily **STAYS** discovery in this matter pending the resolution of Defendant's Motion to Dismiss.

## II. MOTION FOR SANCTIONS

Turning to Plaintiff's Motion for Sanctions, Plaintiff requests that the Court sanction Defendant and attorney Zachary Frampton for refusing to meet and confer, not providing Plaintiff with deposition dates, emailing U.S. Magistrate Judge William V. Gallo's Chambers with a question, and "making derogatory and unprofessional remarks at Plaintiff in his pleadings and in the presence of court staff." *See* Doc. No. 23 at 2–7. In opposition, Defendant argues Plaintiff's Motion is meritless and requests fees and costs incurred in having to respond to Plaintiff's Motion. *See* Doc. No. 30 at 6, 12.

Notably, Plaintiff's Motion lacks any law or authority in support of his request for sanctions. Federal courts may impose sanctions on parties failing to comply with court orders under both the Federal Rules of Civil Procedure and the Local Rules. Civil Local Rule 83.1 provides that "[f]ailure of counsel or of any party to comply with these rules . . . or with any order of the court may be grounds for imposition by the court of any and all sanctions authorized by statute or rule or within the inherent power of the court, including, without limitation, dismissal of any actions, entry of default, finding of contempt, imposition of monetary sanctions or attorneys' fees and costs, and other lesser sanctions." CivLR 83.1(a). Additionally, all "federal courts are vested with inherent powers enabling them to manage their cases and courtrooms effectively and to ensure obedience to their orders. . . . As a function of this power, courts can dismiss cases in their entirety, bar witnesses, award attorney's fees and assess fines." *Aloe Vera of Am., Inc. v. United States*, 376 F.3d 960, 964–65 (9th Cir. 2004) (citing *F.J. Hanshaw Enters., Inc. v. Emerald River*

*Dev., Inc.*, 244 F.3d 1128, 1136 (9th Cir. 2001)). Federal courts have "inherent power to impose sanctions against attorneys and parties for bad faith conduct in litigation." *Oliver v. In-N-Out Burgers*, 945 F. Supp. 2d. 1126, 1129 (S.D. Cal. 2013) (citing *Chambers v. NASCO*, 501 U.S. 32, 43 (1991)). "Before a court may award sanctions under its inherent powers, the court must make an explicit finding that counsel's conduct constituted or was tantamount to bad faith." *Id.* (citing *Mendez v. County of San Bernardino*, 540 F.3d 1109, 1131 (9th Cir. 2008)). "[T]he bad-faith requirement sets a 'high threshold,' which may be met by willful misconduct, . . . or recklessness that is coupled with an improper purpose." *Lofton v. Verizon Wireless (VAW) LLC*, 308 F.R.D. 276, 285 (N.D. Cal. 2015) (quoting *Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 649 (9th Cir. 1997)). The burden is on the moving party to demonstrate that the opposing party acted with the necessary bad faith or improper purpose. *Id.*

Here, the conduct at issue in Plaintiff's Motion does not warrant sanctions. For example, Plaintiff references an email sent to the Court by Defendant on July 17, 2023 as one of his grounds for sanctions. *See* Doc. No. 23 at 5. As the Court previously wrote to Plaintiff in an email from July 17, 2023 replying to Plaintiff's assertion that Defendant's email was an "illegal communication," reviewing conduct for compliance with Chambers Rules is wholly within the Court's discretion. Accordingly, the Court will not sanction Defendant for this conduct because it does not find that the email was sent in bad faith or for an improper purpose. In addition, Plaintiff's complaint regarding Defendant's refusal to schedule depositions is moot given the Court's decision to stay discovery in this matter. Moreover, although the Court finds defense counsel's apparent unwillingness to meet and confer disappointing, it also does not rise to the level of bad faith for which contempt sanctions would be appropriate. Finally, as to Plaintiff's complaint regarding Defendant's alleged "derogatory and unprofessional remarks" about Plaintiff, the Court similarly declines to impose sanctions given Plaintiff's own uncivil aspersions accusing defense counsel of gamesmanship and lying to the Court. *See, e.g.*, Doc. No. 23 at 4, 7. Mr. Ewing

and Mr. Frampton are both further cautioned that any uncivil or ad hominem statements directed toward the other must stop immediately.

Accordingly, the Court **DENIES** Plaintiff's Motion for Sanctions, Doc. No. 23. The Court also **DENIES** Defendant's request to order Plaintiff to compensate Defendant for the time incurred in having to oppose the instant Motion. However, the Court reminds the parties that any future unprofessional conduct or otherwise improper conduct (including but not limited to filing motions with no basis in the law) may warrant a motion for sanctions by either party.

**IT IS SO ORDERED**.

Dated: August 10, 2023

Hon. William V. Gallo
United States Magistrate Judge